**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

SILVERBACK CAPITAL CORPORATION
28 Old Rudnick Lane
Dover, DE 19901

Plaintiff

    V.

TARONIS TECHNOLOGIES, INC.
300 W. Clarendon Ave.
Suite 230
Phoenix, AZ 85013

Serve on Resident Agent
VCorp Services, LLC
1013 Centre Road, Suite 403-B
Wilmington, DE 19805

CASE NO:   1:20-cv-758

Defendant

---

COMPLAINT

Plaintiff, SILVERBACK CAPITAL CORPORATION ("SILVERBACK") files this Complaint against Defendant TARONIS TECHNOLOGIES, INC. ("TRNX"), and alleges:

1. This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4.     Plaintiff, SILVERBACK CAPITAL CORPORATION, is a corporation domiciled in Delaware.

5.     Defendant, Taronis Technologies, Inc., (formerly known as Magnegas Corporation) is a publicly traded corporation, domiciled in Delaware, with operations in Florida, Louisiana, Texas and California, listed on the NASDAQ stock market under the trading symbol TRNX.

6.     Defendant describes its business as "the producer of MagneGasTM, a natural gas alternative and metal cutting fuel made from liquid waste." Defendant requires a supply of gas cylinders in order to conduct its business, and in the course of its business Defendant became indebted to CryoVation, a custom builder of equipment and facilities which allow companies like the Defendant to fill their own gas cylinders.

7.     The parties hereto previously settled two separate, older portions of monies owed to another creditor of the Defendant in two prior cases before this Honorable Court numbered 1:19-cv-01820 and 1:19-cv-03030. The present case concerns debt which is unrelated to the prior cases, as documented in the following exhibits.

8.     On July 29, 2019, Tyler Welder's Supply, Inc., a subsidiary of Defendant, agreed to pay CryoVation, LLC ("CryoVation") $989,069.00 for the design and construction of a custom Fill Plant located in Tyler, Texas.  Once complete, the Fill Plant will allow TRNX to fill their own gas cylinders.

9.     CryoVation sent an invoice on July 29, 2019 for the initial installment of $247,267.25.  The Defendant TRNX then sent a Purchase Order for the project dated July 30, 2019.  TRNX promptly paid the invoice via wire transfer on July 31, 2019 ("TRNX

Wire"). The July 29, 2019 Invoice, Purchase Order and TRNX Wire are attached hereto and incorporated herein as Exhibit A.

10. In the following months, during the course of equipment construction, the Defendant made certain changes and upgrades to the Fill Plant design to make it self-sustainable, which increased the cost of the project, generating additional invoices. Defendant authorized and acknowledged the upgrades and further made representations to CryoVation that it was obligated to pay the remaining balance of $830,903.55, and would pay CryoVation in full.

11. However, since September 2019, the Defendant has been delinquent on the required payments to CryoVation and the project's progress was substantially halted in October due to the Defendant's payment delays. A copy of several invoices detailing the changes and upgrades approved by TRNX, ("Unpaid CryoVation Invoices") and an email dated November 22, 2019 from CryoVation to the Defendant addressing the delinquent payments and noting that this has "forced CryoVation to cease production of the project" are attached hereto and incorporated herein as Exhibit B.

12. On February 3, 2020, the Managing Partner of CryoVation executed a Fill Plan Equipment Project Affidavit, which affirms the details of the project set forth above and which further affirmed that "CryoVation has already purchased the majority of the raw materials for this project" and "this custom built project in its entirety is non-refundable." The Fill Plan Equipment Project Affidavit is attached hereto and incorporated herein as Exhibit C.

13. On March 18, 2020, SILVERBACK entered into a Claim Purchase Agreement ("CPA") with CryoVation under which CryoVation assigned all of its right,

title and interest in a claim totaling $830,903.55 against TRNX.  Among other things, the CPA sets forth the venue of the United States District Court of Baltimore, Maryland for the settlement approval thereof.  The CPA is attached hereto and incorporated herein as Exhibit D.

14. On March 18, 2020, Defendant acknowledged CryoVation's assignment of its claim to Plaintiff in a Majority Written Consent of the Board of Directors in Lieu of a Special Meeting ("Board Consent").  The Board Consent is attached hereto and incorporated herein as Exhibit E.

15. On March 18, 2020, four Directors of Defendant TRNX signed Affidavits (the "Director Affidavits") affirming the execution of the Board Consent, which likewise further acknowledged the Defendant's "indebtedness to Cryovation, LLC."  The Director Affidavits are attached hereto and incorporated herein as Exhibit F.

16. On March 18, 2020, Scott Mahoney, Chief Executive Officer of TRNX affirmed SILVERBACK's non-affiliate status, and specifically that SILVERBACK and CryoVation were not during the preceding 90 days, an officer, director, 9.99% or greater shareholder of TRNX, or in any other way an affiliate of TRNX as that term is defined in Rule 144(a) of the Securities Act of 1933.  Mr. Mahoney's Non-Affiliate Letter is attached hereto and incorporated herein as Exhibit G.

17. On March 18, 2020, TRNX acknowledged its understanding of the basic terms and mechanics of the proposed settlement in a letter to SILVERBACK entitled "3(a)(10) Settlement:  Memorandum of Understanding", which is attached hereto and incorporated herein as Exhibit H.

18.     On March 18, 2018, Defendant affirmed its indebtedness to Plaintiff for the total amount due, and the parties entered into a formal, written Settlement Agreement pursuant to Section 3(a)(10), a copy of which attached hereto and incorporated herein as Exhibit I. Among other things, Exhibit I sets Maryland as the Venue for any action related thereto.

19.     On March 18, 2020, pursuant to the Settlement Agreement, Defendant TRNX issued an Irrevocable Transfer Agent Instruction Letter ("Irrevocable TA Instructions") to Corporate Stock Transfer under which Corporate Stock Transfer was authorized and instructed to reserve certain shares of Defendant's common stock for issuance to Plaintiff, which Defendant has agreed to sign following the issuance of this Honorable Court's Order approving the Settlement Agreement.  The Irrevocable TA Instructions are attached hereto and incorporated herein as Exhibit J.

20.     As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff has been damaged.

21.     Defendant's public securities filings, including Page 8 of its 10-Q for the period ending September 30, 2019 detail Defendant's inability to repay Plaintiff using cash, citing a large net loss and total cash on hand less than the amount owed to Plaintiff:

**NOTE 2 - GOING CONCERN AND MANAGEMENTS' PLAN**

As of September 30, 2019, the Company had cash of approximately $0.5 million, reported an approximate net loss of $19.8 million and used cash in operations of approximately $11.7 million for the nine months ended September 30, 2019. In addition, as of September 30, 2019, the Company had working capital of approximately $1.5 million and an accumulated deficit of $99.4 million. The Company utilizes cash in its operations of approximately $1.3 million per month. These conditions indicate that there is substantial doubt about the Company's ability to continue as a going concern within one year from the issuance date of the unaudited condensed consolidated financial statements.

22.     Plaintiff therefore seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby Defendant would issue shares of its publicly traded common stock as payment for the debts owed to Plaintiff.

23.     The outstanding balance of $830,903.55 owed by Defendant to the Plaintiff remains unpaid.

24.     Based upon the foregoing exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

25.     Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

26.     Both CryoVation and SILVERBACK have made verbal requests to Defendant for payment of the subject debts; however, Defendant has failed to pay same.

27.     As a direct and proximate result of the failure of Defendant to pay the debts which are the subject of this Complaint, Plaintiff SILVERBACK has been damaged.

28.     Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

Date: March 20, 2020

*/s/Matheau J. W. Stout*
Matheau J. W. Stout, Esq.
201 International Circle
Suite 230
Hunt Valley, MD 21030
(410) 429-7076 Tel
*Attorney for Plaintiff*